IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| GERRY HUNT<br>and<br>SHARON L. HUNT | * | |
| | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. JFM03CV452 |
| ACandS, INC., et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATION OF FILING OF STATE COURT PAPERS**

Defendant Hopeman Brothers, Inc. ("Hopeman"), by its attorneys, files this Certification of Filing of State Court Papers pursuant to Rule 103.5.a of the Rules of the United States District Court for the District of Maryland and states as follows:

1. On February 28, 2003, Defendant's counsel reviewed a copy of the electronic docket entries for <u>Hunt, et al. v. ACandS, Inc., et al.</u>, which was pending in the Circuit Court for Baltimore City, Maryland as Case Number 24X96353507. A copy of the print-out of the "Documents Filed by Case" report from CourtLink copied on February 28, 2003 is attached hereto as Exhibit A.

1. Upon review of the docket entries, it appeared that the following documents had been filed in the Circuit Court for Baltimore City.

   (1) Hopeman Brothers, Inc.'s Notice of Filing of Notice of Removal and exhibits filed February 19, 2003;

3. The Short Form Asbestos Complaint filed in this case was attached as Exhibit 1 to the Notice of Removal filed with this Court on February 19, 2003. This Complaint has not been filed on CourtLink.

4.  The state court pleadings listed above are attached hereto as Exhibit B.

WHEREFORE, Hopeman Brothers, Inc. hereby certifies that all filings in the Circuit Court for Baltimore City action have been or are herewith filed in the United States District Court for the District of Maryland.

```
                              _____/s/_____
                              David W. Allen
                              Michael A. Pichini
                              Goodell, DeVries, Leech & Dann, L.L.P.
                              One South Street, 20th Floor
                              Baltimore, MD 21202
                              (410) 783-4000
```

Attorneys for Defendant, Hopeman Brothers, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2003, a copy of the foregoing Certification of Filing of State Court Papers, was served by electronic submission via CM/ECF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, to:

Peter T. Nicholl, Esquire
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201

```
                              _____/s/_____
                              David W. Allen
```

463982v1

**EXHIBIT A**

Case 1:03-cv-00452-JFM   Document 5   Filed 03/17/2003   Page 3 of 12

## Build Reports

Select Report: Documents By Case    [Refresh]

### Documents Filed By Case Report
Report Created: Friday, February 28, 2003 12:23:30 PM    [Back]

| Court: | Baltimore City Circuit Court | Judge: | Heller, Ellen | eFile Live Date: | 7/9/2001 |
|---|---|---|---|---|---|
| Division: | N/A | Case Number: | 24X96353507 | Documents Filed: | 2 |
| Case Type: | Personal Injury-Asbestos | Case Name: | Hunt, Gerry et ux vs A C and S Inc et al | Date Range: | All |

1 through 2 of 2



| Authorized Date | Authorizing Attorney | Organization | Document Title | Filing Type | Filing Option | Filing ID | Judicial Action | Linked |
|---|---|---|---|---|---|---|---|---|
| 2/19/2003 12:12:52 PM | David W Allen | Goodell DeVries Leech & Dann LLP | Hopeman Brothers, Inc.s Notice of Filing of Notice of Removal | Notice | File And Serve | 1428466 | N/A | |
| 2/19/2003 12:12:52 PM | David W Allen | Goodell DeVries Leech & Dann LLP | Hopeman Brothers, Inc.s Notice of Removal of Civil Action | Exhibits | File And Serve | 1428466 | N/A | |

1 through 2 of 2

LexisNexis CourtLink    [Back]

**EXHIBIT B**

| | | |
|---|---|---|
| GERRY HUNT<br>and<br>SHARON L. HUNT | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiffs | * | FOR |
| v. | * | BALTIMORE CITY |
| ACandS, INC., et al. | * | |
| Defendants | * | Case No. 24X96353507 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   Peter T. Nicholl, Esquire
      The Law Offices of Peter T. Nicholl
      36 South Charles Street, Suite 1700
      Baltimore, Maryland 21201

PLEASE NOTE that, pursuant to 28 U.S.C. §§ 1331, 1442, and 1446, on this 19th day of February, 2003, Defendant Hopeman Brothers, Inc. has filed a Notice of Removal in the United States District Court for the District of Maryland, Northern Division, and have mailed a copy thereof to the Clerk of the Circuit Court for Baltimore City, Maryland.

/s/ **David W. Allen**
David W. Allen
Michael A. Pichini
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

Attorneys for Defendant, Hopeman Brothers, Inc.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2003, a true copy of the foregoing was served by electronic submission to CourtLink at www.courtlink.com, in accordance with ¶3(f) and ¶3(g) of the Order of Ellen M. Heller, Administrative Judge for the Circuit Court of Baltimore City, Maryland, dated May 24, 2001, and that a true copy thereof

was served by regular mail, postage prepaid, on all counsel of record, including, but not limited to:

>Peter T. Nicholl, Esquire
>The Law Offices of Peter T. Nicholl
>36 South Charles Street, Suite 1700
>Baltimore, Maryland 21201

>**/s/ David W. Allen**
>Counsel for Defendant

461774v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| GERRY HUNT and SHARON L. HUNT | * * |
| Plaintiffs | * |
| v. | *   Civil Action No. |
| ACandS, INC., et al., | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL OF CIVIL ACTION

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendant, Hopeman Brothers, Inc. ("Hopeman"), named in the civil action filed in the Circuit Court for Baltimore City, Maryland, Civil Case No. 24X96353507 ("the State Case") hereby notes the removal of this action to the United States District Court for the District of Maryland. In support, Defendant states:

1. In 1997, Hopeman was served in the above-captioned matter through its Resident Agent with Plaintiff's Short Form Asbestos Complaint, a Writ of Summons, and an Inactive Civil Docket Plaintiff Information Form to which were attached certain medical records. (**Exhibit 1**). These documents constituted Hopeman's first notice of this matter. Plaintiff's complaint is based upon the alleged exposure of Plaintiff Gerry Hunt to asbestos.

2. In paragraph 1 of the Short Form Asbestos Complaint, Plaintiff Hunt alleged that he was employed at the Bethlehem Steel Sparrows Point Shipyard from 1969 to the present. No further information was provided in the Complaint about where he worked within that yard.

3. No discovery has been taken in Mr. Hunt's action.

4. However, on January 17, 2003, Vernon Lee Oliver gave a deposition in certain cases

which are currently scheduled for trial. At the conclusion of that deposition, counsel for Plaintiff proffered that witness Oliver knew Plaintiff Gerry Hunt; that Mr. Oliver worked with and around Mr. Hunt on an almost daily basis; and that Mr. Hunt would have been around the same trades and asbestos products described by Mr. Oliver in his deposition testimony of January 17, 2003. A true copy of the deposition is attached as **Exhibit 2**, at 103, 105.

5.  Because the conduct of the deposition was controlled by a protective Order of the Circuit Court for Baltimore City, counsel for Hopeman Brothers, Inc., did not conduct any questioning of the witness Oliver specifically relating to Mr. Hunt's alleged exposure.

6.  Nonetheless, Mr. Oliver testified that he worked on Naval ships (see **Exhibit 2**, at 11); that Mr. Oliver's work put him near work done by Hopeman Brothers, Inc., and specifically the cutting of certain bulkhead panels (see **Exhibit 2**, at 14-15); that Mr. Oliver saw the workers from Hopeman Brothers, Inc., cutting panels virtually every day from 1967 when he started until the mid-1970s at least, and that he would have been around their cutting work "[a]ll day just about." (see **Exhibit 2**, at 17).

7.  Mr. Oliver testified that he worked on "cargo ships, freighters, and Naval ships . . ." While Mr. Oliver described certain ships by hull number on which he recalled working, he further testified in response to questions by Plaintiffs' counsel that he remembered working on a number of ships that he could not identify by hull number. (See **Exhibit 2**, at 11, 90). In response to a question by counsel for Hopeman Brothers, the witness asserted that he worked around Hopeman Brothers and their panels on the Naval ships as well. (See **Exhibit 2**, at 37.)

8.  At the conclusion of the proffer, Plaintiff's counsel asked Mr. Oliver if the proffer fairly and accurately described what his testimony would be, if he had been permitted to testify, and Mr. Oliver responded that it was. (See **Exhibit 2**, at 107-08).[1]

---

[11] Hopeman Brothers, Inc., believes that counsel for Plaintiff by asking for a confirmation of the proffer under oath violated the protective order, and reserves the right to seek relief and redress therefor. However, in light

2

9. The deposition of Vernon Oliver therefore establishes that Plaintiff Gerry Hunt worked around Hopeman Brothers on Naval ships during the years 1969 to 1975, for purposes of this motion.

10. 28 U.S.C. § 1442(a)(1) provides that:

> (a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place where it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

11. The Short Form Complaint served herein incorporates Counts I and II of the Peter T. Nicholl Master Complaint CT-5. A copy of that Master Complaint is attached as **Exhibit 3**.

12. In Counts I and II, Plaintiff alleges that Defendant Hopeman manufactured, supplied and sold asbestos-containing products to which he was exposed, resulting in injury to him.

13. Removal to federal court is appropriate where the moving party demonstrates that it acted under the direction of a federal officer, raises a federal defense to Plaintiff's claim, and shows a causal nexus between Plaintiff's claim and the acts which Defendants allegedly performed under the color of a federal office. See <u>Madden v. Able Supply Co.</u>, 205 F. Supp. 2d 695 (S.D. Tex. 2002). This basis for removal has been recognized in an asbestos setting by this and other federal district courts. See <u>Pack v. ACandS, Inc.</u>, 838 F. Supp. 1099 (D. Md. 1993); <u>Crocker v. Borden</u>, 852 F. Supp. 1322, 1326-27 (E.D. La. 1994); but see <u>Good v. Armstrong World Industries</u>, 914 F. Supp. 1125 (E.D. Pa. 1996)(remanded for lack of sufficient supporting information); <u>Feidt v. OCF</u>, No. 96-4349 (D.N.J. 1997)(failure to warn allegations against removing defendant not sufficiently under government control).

14. To the extent that Hopeman did manufacture, supply or sell asbestos-containing

---

of the fact that the question was asked and answered, and given the limited time during which a case can be

products to or for use on a Navy vessel, as is alleged by Plaintiff, Hopeman undertook those actions at the direction of a federal officer. In fact, federal officers directed what products would be used in all instances. Thus, to the extent that Plaintiff came into contact with asbestos-containing products allegedly made, supplied or sold by these defendants, that occurred because officers of the Navy and/or federal government directed that said asbestos-containing products be used. Furthermore, by demonstrating these facts, Defendant Hopeman has raised a federal defense. See Boyle v. United Technologies Corp., 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed. 2d 442 (1998).

15. Defendant incorporates by reference its Opposition to Plaintiff's Motion for Remand in the case of Johnnie B. Shaw v. ACandS, Inc., et al., pending before this Court under docket reference JFM02CV3782, as if the text of that document were set forth in full herein. (A copy of that paper, without exhibits, is attached hereto as **Exhibit 4.**)

16. The consent of other defendants in this action is not required, where removal is sought pursuant to 28 U.S.C. 1442(a)(1). Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co., 644 F.2d 1310, 1315 (9th Cir., 1981); National Audobon Society v. Development of Water & Power of the City of Los Angeles, 496 F. Supp. 509 (E.D. Cal. 1980).

17. Hopeman reserves the right to amend this Notice of Removal.

18. Hopeman reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

19. As required by 28 U.S.C. §1446(a) and Local Rule 103(5)(2), true and correct copies "of all process, pleadings, and orders which have been served upon" Hopeman in the State Court lawsuit that is being removed, as of this date, are being filed with this Notice of Removal. Such process, pleadings, and orders that are not already attached appear as **Exhibit 5.**

WHEREFORE, Defendant Hopeman Brothers, Inc., prays this action be removed to this Court.

---

removed, Defendant felt that it had no option but to act on the information thus obtained.

*David W. Allen*
David W. Allen
Michael A. Pichini
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000

Attorneys for Defendant, Hopeman Brothers, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this __19__ day of February, 2003, I caused a true and correct copy of the foregoing Notice of Removal to be served via first-class mail, postage prepaid, upon the following counsel of record:

Peter T. Nicholl, Esquire
The Law Offices of Peter T. Nicholl
36 South Charles Street
Suite 1700
Baltimore, Maryland 21201

*David W. Allen*
Counsel for Defendant

*Document No.: 461962*